BOUTALL, Judge.
Defendant motorist and his insuror appeal from a judgment granting $5,460.50 for medical expenses and personal injuries to plaintiff in an automobile accident case.
The accident occurred on Paris Road in the Parish of Orleans, approximately Vio mile north of the Bayou Bienvenue bridge when defendant, Allen T. Johnson, struck plaintiff William T. Watson’s automobile in the rear. This occurred in the left lane of the two northbound lanes, Paris Road at that point being divided by a wide neutral ground, and the several issues resolve themselves into a determination of fact as to how far from the neutral ground crossing the point of impact was.
Watson had made a left turn onto Paris Road from an auxiliary crossing in the neutral ground. He stated that he saw a car heading north on Paris Ave., some blocks away and had plenty of time to turn, travelling some 120 to 150 feet and attaining a speed of 40 miles per hour when rear-ended by the defendant. This version is reinforced by the testimony of one Tommy Lockhart, the driver of a car approaching from Watson’s right and apparently the car Watson saw. Lockhart testified that shortly before the impact he saw a car approaching from his rear very fast, headlights bobbing up and down. He changed lanes from left to right so that this car, driven by the defendant, would not strike him in the rear. Instead, when he pulled to the right, defendant went past him and hit Watson. The speed limit was 55 miles per hour; Lockhart testified he was travelling 55-60 mph himself, and estimated the defendant’s speed at 80 mph as he drew past. Under this version, the proximate cause of the accident was the negligence of the defendant in speeding and failing to keep a proper lookout. Although the judge below did not render written nor oral reasons, this is undoubtedly the version he believed.
Defendant contends that the collision was at or near the intersection, so that plaintiff’s left turn proximately caused or at least contributed to the collision. At trial, he offered the testimony of Patrolman Matt, investigating officer, who came on the scene after the accident. Patrolman Matt could not remember where debris from the wreck was found and did not record the distance from the intersectional gap to the point of impact on his police report. This distance he remembered to be some 30 feet from the north side of the opening in the neutral ground, but admitted this recollection could be wrong. The defendant testified that the 30 foot distance was correct and that his speed had been 55 mph. However he also testified that he had seen Watson’s tail-lights from the bridge, some Vxo mile away, which would place the plaintiff’s vehicle northbound on Paris Road at that time.
Defendant’s counsel attempts on appeal to raise a presumption that plaintiff’s wife, who was a passenger in his car at the time *405 of the accident, because she did not testify, would have had testimony adverse to plaintiff’s case. The record reflects that Mrs. Watson, originally party to the suit, settled out and dismissed her action long before trial. Apparently she was present at trial yet was not called by either side. No presumption as to her not testifying was raised by pleadings or argument at trial.
It is just as reasonable to infer that she would have testified the same as her husband, or that she did not remember the events of two years prior. Since plaintiff positively testified, and since plaintiff produced an independent witness, her testimony may have been merely cumulative in effect. Since her testimony was not peculiar to herself and plaintiff, because an independent witness of unquestioned veracity had testified, no jurisprudential presumption arises. See Marion v. New Orleans Public Service, Inc., 806 So.2d 758 (La.App. 4th Cir. 1974), and Vaughan v. Dowling, 243 La. 390, 144 So.2d 371 (1962).
The trial judge’s determination of the facts then seem to be not unreasonable and, absent any showing of manifest error, will not be disturbed on appeal. Canter v. Koehring Co., 283 So.2d 716 (La.1973).
As a result of the accident, plaintiff received injuries to his neck and low back, for which he was treated by Dr. Aiken.
As to quantum, defendants argue that plaintiff’s injuries did not prevent him from working as a teacher until after he was injured in a second accident a few months later, which apparently aggravated his injuries. However, due to the fact that at least $317.00 in medical expenses for visits and physical therapy had occurred before this second accident and treatment was continuing, and due to the fact that the judge below had the opportunity to examine the transcript of the second lawsuit before rendering a judgment, we cannot say that this award was unreasonable.
Accordingly, the judgment below is affirmed.
AFFIRMED.